Prob 12A (10/16)
VAE (5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Justin A. Wright                                  Docket No. 1:16PO211

### Petition on Probation

COMES NOW RAYMOND M. HESS, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Justin A. Wright, who was placed on supervision by the Honorable Theresa Carroll Buchanan, United States Magistrate Judge, sitting in the Court at Alexandria, Virginia, on the 17th day of March, 2016, who fixed the period of supervision at one (1) year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 29th day of May, 2018 and ordered filed and made a part of the records in the above case.

Theresa Carroll Buchanan
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/25/18

Raymond M. Hess
Senior U.S. Probation Officer
(703) 366-2118

Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
**Page 2**
**Re: WRIGHT, Justin A.**

OFFENSE: Count 1: Disorderly Conduct, in violation of 32 C.F.R. 234.7(a); and Count 4: Driving Under the Influence, in violation of 32 C.F.R. 234.17(c)1(i).

SENTENCE: One (1) year supervised probation on both counts to run concurrent, with the following special conditions: 1) the defendant shall serve fourteen (14) days of Home Confinement with timeouts permitted by the probation officer; 2) the defendant shall enter and successfully complete an alcohol treatment and/or education program at the direction of the probation officer; 3) the defendant shall continue to undergo mental health treatment at the direction of the probation officer; 4) commencing March 17, 2016, and continuing for one (1) year, the defendant may operate a motor vehicle only, (a) to and from work, (b) during the course of work, if required as incident of employment, (c) to and from this court, the probation office, the alcohol treatment program and mental health treatment; and (d) to and from classes for school; and 5) the defendant shall pay a $250.00 fine, $25.00 processing fee and $10.00 special assessment, as to Count 1, to be paid within six (6) months. The defendant shall pay a $400.00 fine, $25.00 processing fee and $10.00 special assessment, as to Count 4, to be paid within six (6) months.

ADJUSTMENT TO SUPERVISION: Directly following the above sentencing, the defendant's supervision was transferred to the District of Maryland. According to Adelle Awkward, United States Probation Officer with the District of Maryland, the defendant completed his fourteen (14) days of home confinement, he completed 20 hours of substance abuse treatment, and he has reported for all scheduled appointments. On September 17, 2016, the defendant paid all of the court-ordered monetary penalties in full. He is currently participating in mental health counseling with Frances James at FAJ, Inc., and is employed full-time as a Pharmacy Technician while maintaining enrollment at Howard University.

On December 6, 2016, the defendant appeared before Your Honor on a petition which alleged that on September 24, 2016, the defendant was charged with Driving Under the Influence of Alcohol or a Drug; Operating a Vehicle While Impaired; and No Permit (16-CTF-1556) in D.C. Superior Court. On that date, the defendant was continued on supervision with a modified condition that he undergoes alcohol remote testing as directed by the probation officer and the defendant must comply with an interlock ignition device.

On March 15, 2017, an Addendum to the Petition was submitted to the Court alleging that the defendant tested positive for alcohol on multiple occasions.

On June 20, 2017, the defendant appeared before Your Honor for a status conference on the aforementioned charge in D.C. Superior Court. His case was continued pending the outcome of this case. The Court added a condition that the defendant may not drink alcohol at all, and may be subject to alcohol testing at the discretion of the probation officer.

On July 18, 2017, the defendant appeared before Your Honor and was found in violation of his probation. The Court ordered that the defendant remain on probation with the following modifications: 1) defendant's supervision shall be extended for a total of three (3) years; 2) defendant shall continue to undergo remote alcohol testing as directed by the probation officer; 3) defendant shall continue with mental health treatment as determined necessary by the probation officer; 4) defendant may not drive a motor vehicle for one (1) year; and 5) defendant shall serve every weekend incarcerated beginning now to the end of December 2017, as directed by the probation officer.

The defendant completed his weekend jail time as directed, his remote alcohol testing was removed on February 9, 2018, and he did not violate his condition of no driving.

**Petition on Probation**
Page 3
Re: WRIGHT, Justin A.

On March 28, 2018, a No Action Recommendation was submitted to the Court alleging that the defendant was arrested on February 24, 2018, by Washington, D.C. Metropolitan Police for Unlawful Entry. The charge was No Papered resulting in no formal charges being filed. On that same date, Your Honor approved the no action recommendations.

VIOLATIONS: The following violation is submitted for the Court's consideration.

**MANDATORY CONDITIONS:** **"THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME."**

On March 5, 2018, a Prince George's County Police Officer was dispatched to Fountain Park Apartments on a complaint of disorderly conduct. Upon arriving at the apartment, it was reported that the defendant was being disruptive in the basement near the laundry room. It was reported that the defendant was cussing and threatening to kill someone. He was also knocking on his neighbor's door. The officer then went to the defendant's apartment to check on him. Upon opening the door, the defendant proceeded to curse and ask why the officers were there. After a brief interview, the defendant lunged at the police officer, at which time he was placed in handcuffs and detained. The officer then checked the apartment to see if anyone else was there and to discuss this incident with the defendant. Moments later, the defendant was released from the handcuffs and ordered to discontinue being disruptive and disorderly. Once the officers where exiting the residence, the defendant struck one of the officers on the left side of his head causing pain. He was again arrested and handcuffed. The defendant was charged with Disobeying a Lawful Order, Assaulting a Police Officer and Disorderly Conduct.

The defendant appeared before Prince George's County District Court on the same date, and was released on $2,000 bond. His next appearance before Prince George's County District Court is scheduled for trial on June 11, 2108 (1E00658477).

RMH/lmg